UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 0 8 2011

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Dawn Norman Jackson,<br><br>Plaintiff,<br><br>v.<br><br>Old Dominion Realty *et al.*,<br><br>Defendants. | Civil Action No. 11 1443 |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff is a resident of Richmond, Virginia, suing various individuals and businesses in Virginia and elsewhere. *See* Compl. at 1-7 (listing defendants). She seeks "3.5 zillion" dollars in damages. *Id.* at 9. The hand-written complaint is not very legible, and the allegations are not lucid. The complaint neither presents a federal question nor provides a basis for diversity



3

jurisdiction because the plaintiff and some of the defendants reside in the same state. It therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

DATE: August 4, 2011